UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| MICHAEL BIONDI, M.D., | ) | 3:24-CV-136 (SVN) |
| *Plaintiff*, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| RAH EQUITY HOLDINGS, LLC, and | ) | |
| PREMIER IMAGING HOLDINGS, LLC | ) | |
| *Defendants*. | ) | May 16, 2024 |

## ORDER DISMISSING CASE FOR LACK OF SUBJECT MATTER JURISDICTION

Sarala V. Nagala, United States District Judge.

Plaintiff Michael Biondi is a radiologist who, as part of a sale transaction for a medical practice, executed an agreement with Defendant RAH Equity Holdings, LLC, containing a two-year non-compete clause and an arbitration clause. When Plaintiff gave notice of his intent to join a different radiology practice, RAH Equity Holdings and co-Defendant Premier Imaging Holdings, LLC[1] filed an arbitration demand against him, seeking a declaratory judgment that the non-compete clause is enforceable under Delaware law. *See* Arbitration Demand, ECF No. 1-1 ¶¶ 13, 31, 37. In response, Plaintiff filed the instant federal action, seeking a declaratory judgment that he need not submit to the arbitration and an injunction staying the arbitration, because he contends the arbitration clause in the agreement does not grant the arbitrator the authority to enter a declaratory judgment. Complaint, ECF No. 1. Plaintiff invoked this Court's federal question jurisdiction, "on the grounds that this case arises under the Federal Arbitration Act, 9 U.S.C. §§ 1 et seq." *Id.* ¶ 4.

---

[1] Premier purchased the non-clinical assets of Plaintiff's former employer. *See* Arbitration Demand, ECF No. 1-1 ¶ 6. RAH Equity Holdings is an owner of Premier. *Id.* ¶ 7.

While the parties briefed various pending motions, the Court issued an order requiring Plaintiff to show cause why the case should not be dismissed for lack of subject matter jurisdiction, because neither the Declaratory Judgment Act nor the Federal Arbitration Act ("FAA") appeared to independently confer federal jurisdiction. Order, ECF No. 28. Plaintiff now contends a new rule promulgated by the Federal Trade Commission ("FTC") barring non-compete clauses provides the basis for federal jurisdiction. Defendants disagree, and believe the case should be dismissed for lack of subject matter jurisdiction.

The Court holds that it lacks subject matter jurisdiction over this action, and therefore dismisses it. As leave to amend would not cure the jurisdictional defect, it will not be granted.

## I.   FACTUAL BACKGROUND

The Court assumes the parties' familiarity with the facts and sets forth only those facts that are relevant to this ruling.

Plaintiff is a radiologist duly licensed to practice medicine in Connecticut. Compl. ¶ 6. He had been employed by non-party Radiology Associates of Hartford, PLLC ("Employer"), pursuant to an employment agreement. *Id.* In March of 2022, in connection with a sale of the equity interest of an entity that owned the non-clinical assets of the Employer to Premier, Plaintiff executed the RAH Equity Holdings, LLC Agreement ("LLC Agreement"). *Id.* ¶ 7; Arb. Demand ¶ 6. According to the arbitration demand, Plaintiff received a substantial payout from this sale transaction. Arb. Demand ¶ 8.

The LLC Agreement includes restrictive covenants in which Plaintiff promised not to compete with RAH Equity Holdings, LLC, or its affiliates, including Premier, during a two-year period within a specific territory. *Id.* ¶ 10. Defendants contend that Plaintiff's entry into these covenants was material to their decision to enter into the sale transaction, and that they would not

have entered into the transaction but for Plaintiff's promise not to compete with them for two years. *Id.* ¶ 19. The LLC Agreement also contains an arbitration clause providing, in relevant part, that "[t]he arbitrator shall have authority to award only (a) money damages, (b) attorneys' fees, costs and expert witness fees to the prevailing party, and (c) sanctions for abuse or frustration of the arbitration process." Compl. ¶ 11.

On or around February 17, 2023, Plaintiff gave notice to the Employer that he would be resigning, effective February 17, 2024. *Id.* ¶ 8. Plaintiff had accepted employment as a radiologist with a new employer effective March 1, 2024. *Id.* ¶ 9. Defendants contend the new employer is within the territory covered by the non-compete clause. Arb. Demand ¶ 22.

Defendants thus filed their arbitration demand against Plaintiff, seeking a declaratory judgment that the non-compete clause is enforceable under Delaware law, which Defendants contend governs the LLC Agreement, and that Plaintiff's employment with his new employer would be a breach of that Agreement. *Id.* ¶ 37. Plaintiff countered by filing the instant federal suit, seeking a declaratory judgment that "he is not subject to the arbitration where the Defendants seek a declaratory judgment from an arbitrator who lacks authority to issue such a declaration." Compl., Requests for Relief, ¶ 1. Defendants moved to stay the present action pending the arbitration, ECF No. 12, and Plaintiff moved for a preliminary injunction staying the arbitration, ECF No. 18. Those motions remain pending, but cannot be decided, in light of the Court's conclusion that it lacks subject matter jurisdiction over this action.

## II. LEGAL STANDARD

The Court has an independent obligation to assure itself of its jurisdiction, regardless of whether the issue is raised by the parties. *Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434 (2011); *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks


subject-matter jurisdiction, the court must dismiss the action."). In order for this Court to exercise subject matter jurisdiction, either (1) the plaintiff must set forth a colorable claim arising under the U.S. Constitution or a federal statute, thus invoking this Court's federal question jurisdiction under 28 U.S.C. § 1331; or (2) there must be complete diversity of citizenship between the plaintiff and the defendant and the amount in controversy must exceed $75,000, under 28 U.S.C. § 1332. *See DaSilva v. Kinsho Int'l Corp.*, 229 F.3d 358, 363 (2d Cir. 2000) (identifying the two categories of subject matter jurisdiction). "A cause of action 'arises under' federal law and thus confers subject matter jurisdiction pursuant to 28 U.S.C. § 1331 'when the plaintiff's 'well-pleaded complaint' raises an issue of federal law.'" *Fairfield Cnty. Med. Ass'n v. United Healthcare of New England, Inc.*, 557 F. App'x 53, 55 (2d Cir. 2014) (summary order) (quoting *New York v. Shinnecock Indian Nation*, 686 F.3d 133, 138 (2d Cir.2012)).

A plaintiff asserting subject matter jurisdiction "has the burden of proving by a preponderance of the evidence that it exists." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000).

### III.   DISCUSSION

The Court concludes that is lacks subject matter jurisdiction to entertain this action.

Plaintiff only invokes the Court's federal question jurisdiction. *See* Plaintiff's Response, ECF No. 32 at 9–11. As previously noted by the Court, Plaintiff's well-pleaded complaint does not raise federal questions sufficient to demonstrate this Court's subject matter jurisdiction. *See* ECF No. 28. Neither of the two statutes invoked by the complaint independently confers federal question jurisdiction. First, the Declaratory Judgment Act "provides no independent basis for subject matter jurisdiction." *Niagara Mohawk Power Corp. v. Tonawanda Band of Seneca Indians*, 94 F.3d 747, 752 (2d Cir. 1996); *see also Admiral Ins. Co. v. Niagara Transformer Corp.*,

57 F.4th 85, 92 (2d Cir. 2023) (recognizing that the Declaratory Judgment Act "does not *expand* the subject-matter jurisdiction of the federal courts") (citation omitted) (cleaned up).  Second, "[a] federal court may entertain an action brought under the [Federal Arbitration Act] only if the action has an 'independent jurisdictional basis.'"  *Badgerow v. Walters*, 596 U.S. 1, 8 (2022) (citation omitted); *D'Antuono v. Serv. Rd. Corp.*, 789 F. Supp. 2d 308, 318 (D. Conn. 2011) ("As a general matter, the FAA does not grant subject-matter jurisdiction to federal district courts.").  For the sake of completeness, the Court also notes that Plaintiff's motion for a preliminary injunction is also insufficient to create federal question jurisdiction.  *Maguire v. Ameriprise Fin. Servs., LLC*, No. 3:22-CV-0128 (VAB), 2022 WL 1718038, at *5 (D. Conn. May 27, 2022) ("To adjudicate a motion for a preliminary injunction, the Court must have an independent basis for asserting jurisdiction.").

There is an exception to the well-pleaded complaint rule when a state law claim "necessarily raise[s] a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities."  *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005); *see also Solomon v. St. Joseph Hosp.*, 62 F.4th 54, 63 (2d Cir. 2023) (describing same four requirements for "arising under" jurisdiction).  In his response to the Court's order to show cause, Plaintiff contends that the state law issue of enforceability of the non-compete clause implicates a new final rule issued by the FTC banning non-compete agreements in all areas of employment, 16 C.F.R. § 910 *et seq.*, and thus that this Court has subject matter jurisdiction under *Grable*.

The Court finds that this "case cannot be squeezed into the slim category *Grable* exemplifies."  *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 701 (2006).  First, as Defendants point out in their sur-reply, the FTC rule at issue is not yet in effect and, by its very

5

terms, would not apply to this action, which accrued prior to the date the rule will go into effect. *See* 16 C.F.R. § 910.3(b) ("The requirements of this part do not apply where a cause of action related to a non-compete clause accrued prior to the effective date."); 16 C.F.R. § 910.6 (noting the chapter becomes effective September 4, 2024). The fact that this regulation is not yet in effect and, in any event, appears inapplicable to this case is alone sufficient for this Court to find that "arising under" jurisdiction is inappropriate here, as the rule does not appear to necessarily raise a "substantial" federal question with respect to this case. *See Solomon*, 62 F.4th at 63 (noting that all four requirements must be met for federal jurisdiction to be proper).

Even if the regulation did apply, though, the Court would not have subject matter jurisdiction over this case, as there is no indication that the case would "inevitably turn on resolution of the federal questions presented." *Town of Southold v. Go Green Sanitation, Inc.*, 949 F. Supp. 2d 365, 374 (E.D.N.Y. 2013). Every question squarely presented by the parties in this case deals with the interpretation of and validity of the arbitration agreement(s) between the parties (under either Delaware or Connecticut state law), including the primary issue of whether the parties agreed to allow an arbitrator to issue a declaratory judgment regarding the non-compete clause. Thus, this Court theoretically could, for example, find the arbitration agreement invalid or inapplicable to declaratory judgments under state law, and grant Plaintiff's requested relief without ever needing to address the FTC rule. *See id.* (presenting a hypothetical scenario in which the court would not need to reach federal issues). As the Second Circuit has "made clear" that the *Grable* exception to the well-pleaded complaint rule should be applied "only in cases where a substantial federal question is truly inevitable," the Court declines to find this exception applicable here. *See id.*

Accordingly, Plaintiff's complaint is dismissed for lack of subject matter jurisdiction. This dismissal is without leave to amend, as Plaintiff has already been given one opportunity to demonstrate this Court's subject matter jurisdiction, and the Court cannot discern how amendment to the complaint could cure the jurisdictional issues identified above. *See Donnelly v. United States*, 550 F. App'x 54, 54–55 (2d Cir. 2014) (summary order) (noting that "leave to amend is not necessary when it would be futile," and upholding district court's denial of leave to amend where "an amendment to the complaint would not have cured this jurisdictional bar"). Nor has Plaintiff asserted any other basis for jurisdiction, such as diversity jurisdiction, that would allow this case to proceed in federal court.

### IV.     CONCLUSION

For the reasons described in this order, Plaintiff's complaint is dismissed. The Clerk is directed to close this case.

**SO ORDERED** at Hartford, Connecticut, this 16th day of May, 2024.

                                          */s/ Sarala V. Nagala*
                                          SARALA V. NAGALA
                                          UNITED STATES DISTRICT JUDGE